Eddie FLETCHER, Applicant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.

No. CA–5–720.

United States District Court,
N. D. Texas,
Lubbock Division.

March 31, 1971.

Phil Brummett, Lubbock, Tex., for petitioner.

Crawford C. Martin, Atty. Gen. of Tex., Austin, Tex., for respondent.

ORDER

WOODWARD, District Judge.

On this date the Court took under consideration the application for writ of habeas corpus filed by Eddie Fletcher pursuant to 28 U.S.C. § 2254. Having conducted a hearing at which Petitioner and Respondent presented evidence, the Court is of the opinion that Petitioner is entitled to relief.

Petitioner was convicted in 1958 upon trial by jury in Cause 1511 in the District Court of Dickens County, Texas, for the felony offense of murder without malice, while driving an automobile while intoxicated, in violation of Vernon's Ann. Texas Penal Code Art. 802c. The jury also found that Petitioner had been convicted of two prior felonies and the Court sentenced him, as a third time felonious offender, to mandatory life imprisonment under Texas Penal Code Art. 63.

Petitioner filed application in this Court for writ of habeas corpus, contending that one of his prior felony convictions, a 1940 burglary conviction in Lamb County, Texas, under Cause No. 534 which was used to enhance the above sentence, is void since he was denied counsel, or at least the effective assistance of counsel, at the time he pleaded guilty to the burglary indictment and that his plea of guilty was not entered voluntarily and knowingly. He further contended that he is due for release under the maximum imposable sentence for murder without malice as a second felonious offender.

At the time Fletcher filed the application for writ of habeas corpus he was incarcerated in the Texas State Department of Corrections. He has been subsequently released on parole, but is still in "custody" for the purposes of 28 United States Code § 2254. Petitioner has exhausted all state remedies and his application is properly before the Court.

Petitioner testified that he was arrested on November 19, 1939, and remained in Lamb County Jail until about February 14, 1940, that at no time during that period did he have legal counsel and that no one consulted with him about his case, that on February 14, 1940, the Sheriff took Petitioner and four other prisoners to the Courthouse

in Olton, Texas, that the only persons present in the Courtroom were the prisoners, the Sheriff, the district attorney and the judge, that the district attorney asked the prisoners whether they wanted to plead guilty and that the district attorney told Petitioner that he would receive a suspended sentence if he pleaded guilty. Petitioner signed the jury waiver that was presented to him by the district attorney. The Judge then called Petitioner to the bench, asked him how he wanted to plead and after Petitioner pleaded guilty the Judge sentenced him to serve two years in the State penitentiary. Petitioner further testified that he agreed to plead guilty because the district attorney told him he would receive a suspended sentence, that at the time he entered his plea of guilty no one advised him as to the consequences of his plea, that the district attorney was in the rear of the courtroom talking to the other prisoners and Petitioner does not know whether he heard the Court sentence him to two years imprisonment, that Petitioner was at that time thirty one years of age, could scarcely read and write, had never before been in trouble, and was ignorant of proceedings at law.

Respondent offered no rebuttal testimony, but introduced into evidence the records of the 1940 proceedings. These records included an order dated February 14, 1940, appointing Robert L. Kirk attorney for Petitioner, a judgment of conviction dated February 14, 1940, which recited that "Defendant appeared both in person and by counsel, Robert L. Kirk", the sentence and the docket sheet. The docket sheet did not reflect that Petitioner was represented by counsel and contained no notation that counsel was appointed.

Petitioner denied knowing Robert L. Kirk, denied ever talking to him, and denied that any attorney represented him at the time of his plea of guilty.

The Court finds that Petitioner has not met the burden of proving that he was not represented by counsel at the time of his plea of guilty in 1940 to the burglary indictment. The issues then become whether Petitioner was afforded effective representation by counsel and whether the plea of guilty was entered voluntarily and knowingly.

The only required duty of appointed counsel on a plea of guilty is to ascertain that the plea is entered voluntarily and knowingly. Lamb v. Beto, 423 F.2d 85, 88 (5th Cir. 1970). Edwards v. United States, 103 U.S.App. 152, 256 F. 2d 707, 709 (1958). Considering the record as a whole the Court is of the opinion, and so finds, that Petitioner has established by convincing proof that his plea of guilty in 1940 to the burglary indictment was not entered voluntarily and knowingly and that the conviction in Cause No. 534 in Lamb County, Texas, is void. It is, therefore, not available for enhancement purposes. Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L. Ed.2d 526 (1966).

The Court further finds that the Petitioner has served in excess of the maximum imposable sentence for murder without malice as a second felonious offender.

It is, therefore, ordered and adjudged:

1. That the Motion to Dismiss and Answer by the Respondent be, and the same is hereby, overruled.

2. That the Petitioner, Eddie Fletcher, be, and he is hereby, discharged from the custody of Respondent, Dr. George J. Beto, Director, State Department of Corrections, and from further custody under and by virtue of the judgment of conviction and sentence in Cause No. 1511 in the District Court of Dickens County, Texas.